Curia, per
Johnson, J.
It is a well known rule of pleading that in setting out a contract, whether as the foundation of an action or by way of defence, it is incumbent on the party acting to exhibit on the record such a contract as his adversary is bound in law to perform.— Now it is of the essence of every contract that it should have for its basis either a good or valuable consideration, else it is nudum pactum and will not bind, and according to the rule,this fact should appear on the record. Contracts by deed on account of their solemnity, pre-suppose a consideration past, and for that reason, it is not necessary in setting them out, that a consideration should be averred, and hence the rule so fully established by the authorities *331 cited in the argument, that technically there can be no such thing as a release after contract broken, except by deed, and that it must beso pleaded., vide Co. Lit. 115 b. 373 a. Ld. Raym. 880, 1 Mod. 305, Bacon’s abridgement Title plea, K. 2. That a party may bind himself by pa-rol to release, no one will question, but then -it must be according to the principle founded on a sufficient consid-ration, and such a contract although it may furnish sufficient ground of defence, as payment, accord and satisfaction, •&c. technically, it is not a release. In the case under consideration, the release set out in the defendant’s plea, is, after promise broken. It is not by deed, nor is there any consideration stated, and in point of fact, the release which has been introduced on the argument does not express any consideration. The plaintiff is therefore entitled to judgment on the demurrer, and it is accordingly ordered. . Judgment for the demurrer.