ANTHONY CORLETTO, d. b. a., *vs.* JOSEPH P. MORGAN, p. b. r.

1. BAIL—SPECIAL BAIL.

An obligation, signed in consideration of plaintiff's postponement or forbearance of his action in justice court, by which the party signing it became surety that "the above judgment" should be satisfied, entered on the margin of the justice's record before entry of judgment in the case, was not an obligation of special bail as contemplated by the statute.

2. CONTRACTS—REQUISITES—CONSIDERATION.

In every contract there must be a good and valid consideration.

3. CONTRACTS—CONSIDERATION—FORBEARANCE.

Forbearance to sue is a good consideration for a promise to plaintiff to pay any judgment rendered against a defendant in another action.

4. CONTRACTS—CONSTRUCTION—QUESTION OF FACT.

It is the province of the court to define what is a contract, and the function of the jury to decide whether a contract exists.

5. PRINCIPAL AND SURETY—CONTRACT—"THE ABOVE JUDGMENT."

The expression "the above judgment", contained in an undertaking given when there was no judgment in the case, implied that the maker became surety that the judgment that might be rendered therein would be satisfied.

6. PRINCIPAL AND SURETY—UNDERTAKING—CONSTRUCTION AND OPERATION.

Defendant, signing a suretyship undertaking to satisfy a judgment, either by subscribing his name to the form, or by writing his name in blank and authorizing some one to write the form, became liable thereon.

(*January* 13, 1914.)

Judges CONRAD and WOOLLEY sitting.

*Reuben Satterthwaite, Jr.*, for appellant.

*David J. Reinhardt* for respondent.

Superior Court, New Castle County, January Term, 1914.

APPEAL (No. 96, November Term, 1913) from a judgment of a justice of the peace by the defendant below.

Joseph P. Morgan, plaintiff below, first brought an action before a justice of the peace against one Anthony Farrari. And Anthony Corletto, the defendant in this appeal, appeared before the justice and induced the plaintiff in said action to forbearance, and in consideration of a postponement of the case there was entered on the margin of the justice's record, before entry of judgment in that case, the following:

"On this third day of February, A. D. 1913, Anthony Corletto becomes surety that the above judgment shall be fully satisfied.

"[Signed] Anthony Corletto."

On the twenty-fifth day of February, the same month, judgment was recovered against Farrari for one hundred and twenty dollars and costs, which was not paid. Subsequently Morgan brought an action before the justice against Corletto on the said entry or obligation. Judgment was recovered against Corletto. He brings appeal, and pleads set-off.

The questions presented appear in the charge to the jury.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—The contention of the plaintiff in this case, as it appears in the several counts of the declaration, is,

substantially that Joseph P. Morgan, the plaintiff, instituted an action before a justice of the peace against Anthony Farrari for a sum approximating one hundred and eighty-eight dollars. With the contention that was involved in that suit you and the court have nothing to do in this case. With that suit you are interested only to know that in its progress it is claimed that Anthony Corletto, who is the defendant in the action you are trying, appeared and asked the plaintiff to postpone the case against Farrari to some future day, and in consideration of such postponement, or in consideration of what the law calls a forbearance, he agreed to act as surety and to pay any judgment that might in that action be rendered against Farrari. That in substance is the claim of the plaintiff in this case.

The precise amount of money claimed by the plaintiff in this case is a debt of one hundred and twenty dollars, which is the amount of the judgment ultimately recovered in the action instituted by Morgan against Farrari, together with five dollars and eighty-six cents costs in that action, with lawful interest on the sum of one hundred and twenty dollars from February 25, 1913, that being the date upon which that judgment was rendered. The sum of fifteen dollars has been pleaded by the defendant and admitted by the plaintiff as a proper set-off against the demand of the plaintiff in this case.

[1] It is contended by the defendant that the obligation to which Corletto's name appears to be subscribed was an attempt at special bail, which is a peculiar kind of obligation provided by our statute. It devolves upon the court to decide whether or not the obligation is special bail. We say to you that that obligation is not one of special bail as contemplated by the statute.

It is claimed, however, that the obligation, even if attempted to be made an obligation of special bail, is nevertheless one containing all the elements of an obligation upon which an action at law may be founded.

[2, 3] In every contract there must be a good and valid consideration, and the law recognizes that forbearance to sue is a good consideration to a contract. If, in this case, you find that

Corletto did promise Morgan to pay any judgment that may be rendered against Farrari in consideration of Morgan postponing the trial of the case to some future day, that would be a good consideration for such a contract as is claimed here to exist.

There has been a great deal said about the expression of this alleged contract, which is claimed (and not denied) to have been written upon the margin of the justice's record before the entry of judgment. The language is: "On this third day of February, A. D. 1913, Anthony Corletto becomes surety that the above judgment shall be fully satisfied. Anthony Corletto."

[4, 5] It is the province of the court to define what is a contract, and it is the function of the jury to decide whether a contract exists. We say to you that the expression "the above judgment," which is contained in this writing and which appears there at a time when there was no judgment in the case, has a meaning and that meaning should be sought. We say to you that the meaning is that Anthony Corletto becomes surety that the judgment that may be rendered in the above proceeding shall be satisfied. It is not a very precise expression, but it has a meaning and that is the meaning we give it.

[6] After all there are but two or three matters for you to consider. The first is, did Corletto subscribe his name to the obligation that "On this third day of February, A. D. 1913, Anthony Corletto becomes surety that the above judgment shall be fully satisfied"? If Anthony Corletto subscribed his name to that expression, that is, wrote his name under those words, when they were already written there, that binds Corletto, whether he fully understood, partially comprehended, or did not understand what that language meant. Therefore, if he did subscribe his name to that expression, your verdict should be for the plaintiff; or if Corletto signed his name in blank, and agreed to and authorized some one to write what there appears, then again your verdict should be for the plaintiff, in either case for the amount demanded, less an allowance of fifteen dollars, pleaded and admitted as a set-off. But if you find that Corletto signed his name in blank and did not authorize any one to write what now

appears there, then Corletto did not make this obligation, and your verdict should be for the defendant.

Verdict for plaintiff for full amount.