## HOGUE v. NATIONAL AUTOMOTIVE PARTS ASS'N.
### No. 6768.

United States District Court,
E. D. Michigan, S. D.
June 29, 1949.

---

818

Milton Roberts, Detroit, Mich., for plaintiff.

Clifford W. VanBlarcom and Philip T. VanZile II, Detroit, Mich., for defendant.

### KOSCINSKI, District Judge.

Plaintiff had verdict for unpaid wages and overtime under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

Defendant moved to set aside verdict and enter judgment non obstante, or, in the alternative, for new trial, under Federal Rules of Civil Procedure, rule 50(b), 28 U.S.C.A. The court previously reserved its decision on defendant's motion to direct verdict made at close of plaintiff's evidence and also at close of all the evidence.

Defendant is a non-profit corporation engaged in gathering and compiling statistical reports and other data for its approximately forty members, who are owners and operators of warehouses in various parts of the country. The members sell automotive parts to jobbers. The reports so compiled are published in the form of a catalogue and distributed to members throughout the country, for their information and guidance as to prices, business activity, and other business and commercial data. For this service the members paid a service fee to defendant.

Plaintiff was employed by defendant as compiler of these reports, and also as a bookkeeper and in various other tasks. Her original non-written contract of employment provided for payment of wages in the amount of $35.00 per week for a work-week of 38 hours, with no overtime except once a year during the annual meeting of the members. Her wages were increased from time to time up to $50.00 per week. One of her duties was to keep a record of her own working time. She testified that some of her time records did not reflect the correct number of hours and that she was directed by the general manager on more than one occasion to write in only 38 hours for certain weeks, although she informed him she worked more hours in such week. This was denied by the general manager, although he admitted paying extra compensation to plaintiff from time to time. There was also testimony that the general manager and the office manager of defendant's place of business saw plaintiff taking office files to her home to be worked on by plaintiff evenings, and plaintiff's claim that it was impossible to do all her work at the office; that defendant knew this and by acquiescence approved her taking office files to her home and permitting her to work on them at her home—work that should have been done at the office, but was not performed there, since plaintiff lacked time to do all the work entrusted to her during the usual office hours.

All of these claims were denied by defendant, but, under conflicting evidence, it was a factual matter which only the jury could resolve. Plaintiff claimed approximately $3900.00; the jury awarded her $2,075.00.

■ That portion of plaintiff's claim based on the 39th and 40th hours, while ordinarily not properly cognizable by this court, there being a lack of diversity of citizenship and the statutory amount, was nevertheless, submitted to the jury with plaintiff's claim based on hours worked and overtime compensation provided under the Fair Labor Standards Act, as to which the court's jurisdiction is undoubted. Under such circumstances we understand the law to be that the court, having jurisdiction of the parties and subject-matter, may entertain and adjudicate an ancillary or inciden-

tal matter involved in suit, even though, standing alone, the court would lack jurisdiction over it. Hurn et al. v. Oursler et al., 289 U.S. 238, 245, 246, 53 S.Ct. 586, 77 L.Ed. 1148. The tacking on of the claim for wages based on the 39th and 40th hours worked to plaintiff's main claim was incidental to her principal claim or cause of action which the court undertook to adjudicate so as to dispose of both grounds of plaintiff's claim. Plaintiff's claim was amended to include payment for the 39th and 40th hours. Rule 15(b).

■ It is contended by defendant that its motion for dismissal of plaintiff's complaint should have been granted because it did not allege a cause of action within jurisdiction of this court. This argument is based on the provisions of the Portal-to-Portal Act, 29 U.S.C.A. § 252(a) (1, 2), (b).

During a discussion of this law between court and counsel the plaintiff's counsel informed the court that he relied on the existence of an express oral contract between plaintiff and defendant as a basis for recovery. This was in accordance with plaintiff's amended complaint under subsection (a) of Sec. 252.

Defendant, however, in reliance on subsection (b) of Sec. 252, contends that terms of contract must be set forth in the complaint, and, further, that before plaintiff can recover she must show that the activity in which she was engaged, and for which she seeks recovery, must be one which was compensable under her non-written contract of employment, and then only when such activity was engaged in during the portion of the day with respect to which it was so made compensable.

The terms of the express non-written contract of employment are set forth in plaintiff's complaint.

Plaintiff's activity as defendant's employee consisted mainly of working on statistical data and reports for distribution by defendant to its members located in various parts of the United States. It was a compensable activity, since that was the work she was hired to do and the work that she was being compensated for "during the portion of the day with respect to which it was so made compensable."

Plaintiff's non-written contract in the beginning of her employment provided the hours of her work to be from 9:00 A.M. to 5:00 P.M., from Monday to Friday, inclusive, and from 9:00 A.M. to 12:00 noon on Saturdays, a total of 38 hours a week, with no overtime except during annual meetings of defendant's members. She testified, however, that in time she began working more than 38 hours a week, and that those extra working hours were necessitated by the nature of her work, which made it impossible to get her work done during regular working hours, that the defendant knew of this and from time to time she was paid extra compensation by defendant. The reasonable inference of such procedure by the defendant is that she received this extra compensation for working more than 38 hours a week, whether in the office or at home. This was a change in the terms of her original contract of employment and a recognition of her overtime compensable activity "during the portion of the day it was so made compensable."

In other words, the jury found from the evidence that the original non-written contract of employment was modified by a further non-written agreement making compensable plaintiff's working hours beyond the 38 hours per week.

■ Defendant next argues that plaintiff was not engaged in the "production of goods for commerce", 29 U.S.C.A. § 203 (j).

We quote from the Wage and Hour Manual, 1939, 10:26, Sec. 776.8: "Collection and dissemination of information; production of written materials. Attention is again called to section 3(j) which defines goods to include 'articles or subjects of commerce of any character.' It seems clear that the term 'goods' includes publications, pamphlets, or any other written materials. Accordingly, employees engaged in the collection and dissemination of information which is transmitted to other States in the form of publications,

pamphlets, or any other written materials are engaged in the production of goods for commerce even though the actual work of printing may be done by an independent printing establishment. Typically this would apply to employees of organizations such as trade associations and research and compilation services. * * *."

Plaintiff here was engaged to do such work and continued compiling reports and statistics throughout the period of her employment. These reports were periodically distributed among and forwarded to defendant's members in various States. In the light of the congressional and the Wage and Hour Administrator's definitions, the plaintiff was engaged in production of goods for commerce. Cf. Donovan v. Shell Oil Co., 4 Cir., 168 F.2d 229.

The final and most important issue raised by defendant is that of compromise and settlement.

Following separation from her employment with defendant, the Wage and Hour Division was consulted by plaintiff relative to her claim for unpaid and overtime compensation. As a result of an investigation made by the Wage and Hour representatives the defendant on August 1, 1946, in a letter to plaintiff, enclosed a check for $258.71 payable to her. The letter read as follows:

"Loretta M. Hogue
1320 Philip Avenue
Detroit 15, Michigan

Dear Miss Hogue,
We are informed by the Wage and Hour Division of the U. S. Department of Labor that it has been determined that $315.49 gross salary is due you. We therefore are enclosing our check for $258.71 which covers this amount after making proper deductions for social security and withholding tax. The attached Payroll Deductions slip and Withholding Statement, Form W–2, give the detailed amounts of these deductions.
It is understood that the payment of this amount releases us from all claims which you may have against us under the Fair Labor Standards Act or otherwise.

Please date, sign and return to us both copies of the enclosed receipt for unpaid wages.
Yours very truly,
National Automotive Parts Assn.
(Signed) Myron L. Buck"
MLB/eb
Encl. 4

The check was held by plaintiff for about six months before being cashed by her. In the meantime plaintiff again consulted the representatives of the Wage and Hour division who informed her in effect that she could cash the check and retain the proceeds, and that she could then commence suit against defendant for any further sum of money claimed to be due her.

It is the defendant's contention that 29 U.S.C.A. § 253, Portal-to-Portal Act, is a complete and effective bar to plaintiff's cause of action as a result of the claimed compromise, settlement and release effected by the parties to this suit on the basis of the transaction above set forth; that it is an accord and satisfaction, and that, furthermore, in any event plaintiff could not maintain this suit without a tender to defendant of the amount of the check she received and cashed. At the trial, defendant's counterclaim for the amount of the check was submitted to and considered by the jury. Although plaintiff received and cashed the check enclosed with defendant's letter of August 1, 1946, the issue now before the court must be resolved in the light of the present law affecting the rights of the parties to this suit. McCloskey & Co. v. Eckart, 5 Cir., 164 F.2d 257.

The Portal-to-Portal Act, 29 U.S.C.A. § 253, provides for the compromise of claims such as here involved "if there exists a bona fide dispute as to the amount payable by the employer to his employee", with certain exceptions not pertinent here. Nor is fraud or duress involved here. The same section further provides for waiver of right to liquidated damages. Both these provisions are made applicable to such transactions occurring prior to the passage of the Portal-to-Portal Act.

A "bona fide dispute" which must exist before any compromise can be made, would seem to mean an honest disagreement between employer and employee. 1949 Wage & Hour Manual, 7:178(d).

■ A "dispute" to invoke the doctrine of accord and satisfaction must be an honest, genuine, or bona fide dispute advanced in good faith and resting on a substantial basis, or founded on some reasonably tenable or plausible ground, and need not be in fact established or based upon solid foundation, but there must be some justification therefor and not a mere arbitrary refusal to pay. State, for Use of Warner Co. v. Massachusetts Bonding & Insurance Co., 1 Terry 274, 9 A.2d 77, 80, 81.

And, again, a "dispute" is a verbal controversy, a contest by opposing argument and expression of opposing views of claims; controversial discussion, debate. Block Coal & Coke Co. v. United Mine Workers of America, Dist. No. 19, 177 Tenn. 247, 148 S.W.2d 364, 367, 149 S.W.2d 469.

The evidence in this case fails to disclose that plaintiff at any time conferred with or discussed the amount of her claim or number of hours for which she claimed regular or overtime compensation; nor is there any evidence that she at any time waived her claim to liquidated damages. The most that can be said here is that she went to the Wage and Hour Division for information concerning collection of the money she claimed was due her from the defendant. The Wage and Hour Division representatives were public officials and not plaintiff's representatives. They were acting in the performance of their duties as public officials and enforcing the provisions of the Fair Labor Standards Act.

The amount represented by the check was paid to plaintiff not on the basis of a "bona fide dispute" between the plaintiff and defendant, but because of enforcement activities of government officials.

There is a total lack of proof of any negotiations between plaintiff and defendant which could remotely be called a "bona fide dispute", in the proper definition and application of that phrase to the evidence in this case. The defendant simply refused to recognize the validity of plaintiff's claim.

■ A person cannot create a "dispute" sufficient as consideration for compromise by a mere refusal to pay an unliquidated claim. Burns v. Northern Pacific Ry. Co., 8 Cir., 134 F.2d 766, 770.

■ Since the defendant complied with the Wage and Hour Division's finding that plaintiff had an absolute right to the amount represented by the check, there was no valid consideration for the "release" claimed by defendant, as she received only what was due her beyond any doubt, since the defendant did not appeal this determination by the Wage and Hour Division of the Department of Labor.

■ A release is not supported by sufficient "consideration" unless something of value is received to which the creditor had no previous right. In order that there may be "consideration" for compromise of dispute, there must be mutual concessions. Burns v. Northern Pacific Ry. Co., supra. There was no such concession here by defendant to plaintiff to validate the claimed release. And under the circumstances of this case no tender was necessary by plaintiff to defendant of the amount represented by the check, since she was of right entitled to receive and retain it by virtue of the findings and order of a government agency.

An order will be entered overruling defendant's motions to strike, to dismiss, to set aside verdict and enter judgment non obstante, and for a new trial.