104 A.2d 378 (1954)
MODERN DUST BAG CO., Inc.
v.
COMMERCIAL TRUST CO.
Court of Chancery of Delaware, New Castle.
April 7, 1954.
Daniel O. Hastings and Clarence W. Taylor (of Hastings, Stockly & Walz), Wilmington, for plaintiff.
Thomas Herlihy, Jr., Morris Cohen Wilmington, for defendant.
*379 BRAMHALL, Vice Chancellor.
Plaintiff had been purchasing from Franklin Mills, Inc. (hereinafter designated as "Franklin"), a certain kind of paper used by plaintiff and manufactured exclusively by defendant. In making deliveries it was a practice for Franklin to deliver the paper purchased by plaintiff to the Wilmington Marine Terminal and draw invoices against plaintiff in favor of Franklin for the purchase of the paper. Franklin borrowed from defendant from time to time certain moneys, assigning its open accounts to defendant as collateral security therefor. When Franklin became financially embarrassed, an arrangement was made between plaintiff and defendant whereby plaintiff agreed to pay to defendant the sum borrowed by Franklin on the assigned accounts. Plaintiff gave to defendant its promissory note in the sum of $13,985.97, and also assigned to defendant certain warehouse receipts representing paper held at the Wilmington Marine Terminal in plaintiff's name which had been placed there by Franklin. According to a letter dated August 10, 1951, from defendant to plaintiff, defendant agreed to hold the warehouse receipts and the assignment of accounts covering invoices due Franklin as collateral. Thereafter plaintiff paid to defendant two checks, one for $5,000 and the other for $9,416.66, or a total of $14,416.66. The latter check when tendered to defendant bore the following endorsement:
"By endorsement this check when paid is accepted in full payment of the following account
 "Bills from Franklin Mills
 "Bal."
Defendant cashed this check with the following endorsement:
"The Commercial Trust Co. of Wilm, Del accepts and endorses this ck for payment only on the following terms:
"As partial payment on account balance due by Modern Dust Bag Inc.

in the amt of $11,297.24
Paid by this ck 9,416.66
 __________
Bal remaining unpaid 1,880.58
and admittedly due to Commercial
Trust Company."

Defendant then released to plaintiff most of the paper which had been assigned as collateral except two quantities which defendant refused to release until plaintiff *380 had paid an additional sum of $1,880.58, which defendant contended was still due by plaintiff. In its letter of January 11, 1952, enclosing the latter check, plaintiff notified defendant that it was entitled to the certain credits for paper returned by plaintiff to Franklin for a total sum of $1,645.82. In addition, plaintiff also claimed a credit of $234.96, making a total amount of credit claimed for adjustment the sum of $1,880.78. The first two accounts represented paper which was of a kind not used by plaintiff and which was taken back by Franklin when the mistake was called to its attention and credit memoranda issued to plaintiff in the sum of $1,231.16 and $414.66. The third adjustment involved an unusually large quantity of paper which plaintiff was unable to use in its usual course of business and which plaintiff had not ordered. An adjustment was made in the sum of $234.96, and plaintiff's account with Franklin was credited for this amount.
Defendant avers that plaintiff had knowledge of the assignment of the disputed accounts by Franklin by reason of letter dated June 21, 1951, from defendant to plaintiff and acknowledged by plaintiff's president at the bottom thereof, and is therefore estopped from claiming these credits. Plaintiff contends that defendant as assignee of the assigned accounts has no greater rights with reference thereto than the assignor would have if they had not been assigned. Plaintiff further contends that the acceptance by defendant of the check for $9,416.66, tendered by plaintiff in full settlement, constituted an accord and satisfaction as between plaintiff and defendant.
I shall consider first the question of whether or not defendant's acceptance of the check of plaintiff with the endorsement that it was in full payment constituted an accord and satisfaction of the entire indebtedness of plaintiff. Plaintiff caused to be written on the check in the sum of $9,416.66, which it delivered to defendant, a statement that the check when paid constituted an acceptance and full payment of the balance due by plaintiff to defendant. Defendant accepted the check with a qualified endorsement that it was accepted on account and not in full payment. The question is therefore presented as to whether or not the claim of defendant was subject to a bona fide dispute on the part of defendant so as to invoke the doctrine of accord and satisfaction. Is the dispute an honest, genuine, bona fide dispute, advanced in good faith and resting on a substantial basis, and founded on some reasonable, tenable or plausible ground? If it is, then the dispute need not be in fact established or need not be based upon a solid foundation. Plaintiff must show only that there is some justification for its contention and that the dispute does not represent a mere arbitrary refusal on the part of plaintiff to pay a just indebtedness. State for Use of Warner Co. v. Massachusetts Bonding & Insurance Co., 1 Terry 274, 9 A.2d 77; Ashland Coal & Coke Co. v. Old Ben Coal Corp., 7 W.W.Harr. 571, 187 A. 596. It makes no difference whether the dispute involves a question of fact or of law. Northern Assur. Co., Limited, of London v. Hunt, 75 Colo. 21, 223 P. 1083. The fact that plaintiff paid to defendant only the amount which it conceded to be due and which it was previously bound to do is of no significance. The payment of an amount admittedly due will support a promise to discharge the whole claim. Ashland Coal & Coke Co. v. Old Ben Coal Corp., supra. However, a defense based upon a pretext to avoid the discharge of an obligation or one which is merely set up for the purpose of avoiding a just claim is not sufficient to support an attempted satisfaction of the claim by a partial payment. Schuttinger v. Woodruff, 259 N.Y. 212, 181 N.E. 361; Northern Assur. Co., Limited, of London v. Hunt, supra.
Does the defense set up by plaintiff constitute a bona fide dispute between the parties? Plaintiff's defense is that defendant as assignee stands in the shoes of its assignor and is subject to all equities existing between assignor and plaintiff. Defendant does not dispute this contention but asserts *381 that plaintiff is estopped from maintaining that the paper represented by the assigned accounts was not the type or quality of paper for which plaintiff contracted or that it was never accepted by plaintiff. This contention arises out of plaintiff's acknowledgment of notice of the assignment by Franklin to defendant and the failure on the part of plaintiff to notify defendant promptly after the credits for the disputed accounts had been received. It is contended by plaintiff that defendant has already received more than it loaned on the security of the assigned accounts, including the three disputed accounts, and that therefore plaintiff's sole consideration for the assignment of the disputed accounts was the antecedent debt of Franklin. Plaintiff contends that this case does not involve a transaction arising after the assignment of the accounts but that the credits claimed by plaintiff, and recognized by Franklin, but disputed by defendant, go back to the origin of the accounts and stem from the fact that paper was placed in the Wilmington Marine Terminal and invoices drawn without the knowledge of plaintiff and for paper not ordered by plaintiff. Plaintiff asserts that therefore there were no accounts as to these items and that defendant, as assignee, had no greater rights with reference thereto than the assignor.
The defense raised by plaintiff sets up a bona fide dispute between the parties. Unquestionably, plaintiff would have a complete defense as against Franklin. It is also admitted that generally such a defense may be set up as against the assignee as well as against the assignor. The question raised by defendant is whether or not plaintiff through the receipt of notice that these accounts had been assigned to defendant is thereby estopped from asserting any defense which it would otherwise have. Some of the facts upon which the claim of estoppel is based are allegedly in dispute. A real issue is presented.
I conclude that the acceptance by defendant of plaintiff's check constituted an accord and satisfaction of the claim of defendant against plaintiff.
The motion for summary judgment will be granted.
Order on notice in accordance with this opinion.