**In re 18TH AVENUE DEVELOPMENT CORP., Debtor.**

**William D. SEIDLE, Trustee, Plaintiff,**

**v.**

**James N. TURNER and Cecelia A. Turner, his wife, Defendants.**

**Bankruptcy No. 79–01230 BKC SMW. Adv. No. 80–0378 BKC SMW A.**

United States Bankruptcy Court, S. D. Florida.

May 15, 1981.

Verne L. Freeland, Miami, Fla., for plaintiff.

Ira F. Gropper, Asst. U.S. Atty., Miami, Fla., William Smith, U.S. Dept. of Justice, Washington, D.C., for Tax Division.

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came on before the Court to be heard upon the Amended Complaint filed by the Trustee to recover for unjust enrichment from the Defendants the damages representing the greater value of the home sold by the Debtor to the Defendants "as built" as compared to the home described in the plans and specifications which were part of the sales agreement. During the course of the trial, the Plaintiff's plead-

ings were amended to conform to the evidence seeking recovery of the unpaid balance due on the purchase of the home.

The Defendants, James N. Turner and Cecelia A. Turner responded to the Amended Complaint denying the allegations and asserting a setoff of money due Turner Construction Company (the "Company"). This Court having heard the testimony and examining the evidence and after hearing arguments of counsel, does hereby make these findings of fact and conclusions of law.

James N. Turner was the owner and president of the Company. The Company was engaged by the Debtor, 18TH AVENUE DEVELOPMENT CORP. to act as general contractor on its project known as "The Village". Pursuant to the terms of a written contract dated July 20, 1976, the Company continued to act as general contractor for the Debtor to construct homes sold within the project, until construction ceased in May of 1979.

While acting as general contractor on the project, the Company was simultaneously engaged in several other building projects unrelated to The Village. All funds for the various projects were commingled and disbursements made from one corporate bank account.

During the Company's employment as general contractor, the Defendants entered into a contract to purchase a home within the project from the Debtor, Lot 24, in The Village project. The Company thereupon commenced construction for the Debtor of the home under contract with the Defendants. The home was completed in March of 1979 and the Defendants thereupon consummated the purchase with the Debtor by closing in May of 1979. The Defendants have admitted that there remained due to the Seller the sum of Sixty-Seven Thousand Nine Hundred Dollars ($67,900.00). That balance was not paid at closing and remains unpaid at this time.

During the trial the Defendants introduced evidence that the Debtor considered the Company and the Defendant, James Turner, as one and the same entity; because of this the Debtor did not insist on payment of the balance due at closing, in view of the advances which James Turner claimed were made by the Company for the Debtor. This evidence placed issues before the Court which were not raised in the pleadings, but the Plaintiff and the Defendants acquiesced to the admission of this evidence.

■ This Court finds that no prejudice resulted in the presentation of either the Plaintiff's or Defendants' case. An issue may be tried by the express or implied consent of the parties where, as here, the Court has jurisdiction of the subject matter. Rule 15(b) F.R.C.P.; *Lienitz v. Wheeler*, 113 F.2d 767 (CCA 8th). A change in the "cause of action" is not barred even though the nature of the claim has changed somewhat, where the departure does not prejudice either party in presenting their case. *Hamill v. Maryland Casualty Company*, 209 F.2d 338 (CCA 10th); *Hogue v. National Auto. Parts Association*, D.C., 87 F.Supp. 816; *Nester v. Western Union Telegraph Co.*, D.C., 25 F.Supp. 478.

■ This Court concludes from the evidence presented at the trial that the Defendants did not on their own behalf pay any monies to the Debtor due at closing. No evidence was presented to establish that the Company advanced any money to the Debtor on behalf of the Defendants. The Court rejects the argument that the Company and the Defendants were one and the same. Defendants failed to establish by testimony and evidence that the Company was their alter ego.

■ The Defendants have urged the Court to establish a setoff as between the parties due to their prior business arrangements. However, the basic test for the allowance of a setoff under 11 U.S.C. § 553 is that there must be mutuality. Similarity of the obligation is not required. *Gibson v. Central National Bank of McKinney*, 5th Cir., 171 F.2d 398. The debts must be in the same right and between the same parties who stand in the same capacity. The creditor's debt must be owed to the estate

of the Debtor and the estate's debt must be owed to the creditor. See *United States v. Roth*, 2 Cir., 164 F.2d 575. A debt possibly owed to the Company cannot be set off as against a debt owed by Turner to the estate. See *U. S. v. Roth*, 2 Cir., 164 F.2d 575. The Defendants are not entitled to a setoff for any monies advanced by the Company to the Debtor.

The Court concludes as a matter of fact and law that the Defendants owe the Plaintiff the amount of Sixty-Seven Thousand Nine Hundred Dollars ($67,900.00). Judgment will be entered in accordance with these findings.