In re Thomas ANDREWS, Debtor.

Thomas ANDREWS and Arleen Andrews, Trustees, Plaintiffs,

v.

NCNB NATIONAL BANK OF FLORIDA, f/k/a Gulfstream Bank, N.A., Defendant.

Bankruptcy No. 83–00401–BKC–TCB.
Adv. No. 83–0588–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 9, 1983.

W. John Gundlach, West Palm Beach, Fla., for defendant.

Stanley A. Cohn, Boca Raton, Fla., for plaintiffs.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor and his wife, as trustees for their children, seek the recovery of $1,581.

The defendant bank has answered. The matter was tried on August 2.

The facts are not in significant dispute. In October, 1980, plaintiffs using their funds opened two saving deposit accounts with the defendant bank in their joint names "ITF" for their two minor children. They retained the passbooks and powers to withdraw the funds. On February 25, 1983, the bank applied both accounts to a debt owed jointly to the bank by plaintiffs. On March 4, 1983, the plaintiff husband filed for bankruptcy under chapter 7.

Although this court's jurisdiction is tenuous, at best, and abstention under 28 U.S.C. § 1471(d) would appear appropriate, the parties have submitted the issue without reservation and I am reluctant to saddle them with the expense and delay of another trial in the State court.

It is plaintiffs' position that these accounts were trust accounts and that the bank had no right of setoff with respect to either account.

It is the bank's position that each plaintiff gave it a right of setoff in the following provision contained in the instrument which created their debt to the bank:

"The Bank is hereby given a continuing lien and security interest for the additional security of this Guaranty as well as of any other obligation or liability (present or future, absolute or contingent, matured or unmatured) of the Guarantor to the Bank, upon all property and securities now or hereafter given to or left in the possession or custody of the Bank for any purpose (including property left in safekeeping), by or for the account of any Guarantor, and also upon any deposits with or any credit or claim of any Guarantor against the Bank existing from time to time."

Plaintiffs have argued that because they never intended to pledge these accounts and because the bank knew these were trust accounts, the foregoing assignment did not include these accounts.

As I see it, these were Totten trusts and the foregoing assignment was unnecessary and irrelevant to the bank's right of setoff

which it had, independent of the assignment, and which it properly exercised in this instance. It is not necessary, therefore, to consider the foregoing provision.

 Under Florida law, which is controlling, here, a deposit by an individual of his own money in his own name, as trustee for another, creates a tentative or revocable trust, regardless of the depositor's intention, until such time as he takes some action to render the trust irrevocable. The depositor retains exclusive control over the funds so long as the account exists, until his death, or until the trust is otherwise rendered irrevocable. *Lapp v. U.S.,* S.D.Fla. 1970, 316 F.Supp. 386. Such a trust is a Totten trust and is recognized in Florida. *Litsey v. First Federal Savings & Loan Association of Tampa,* Fla.App.1971, 243 So.2d 239, 46 A.L.R.3d 477. Plaintiffs did nothing to render either trust irrevocable.

A Totten trust is subject to the claims of creditors of the settlor/trustee. As stated in the *Restatement (Second) of Trusts,* § 58, Comment d (1959):

"Although creditors of the settlor cannot reach the trust property merely because he has reserved a power or revocation (see § 330, Comment o), *creditors of a person who makes a savings deposit upon a tentative trust can reach his interest, since he has such extensive powers over the deposit as to justify treating him as in substance the unrestricted owner of the deposit.*" Emphasis supplied.

Although no Florida decision on this point has been cited here, this appears to be the clear weight of authority. See *Gross v. Douglass State Bank,* D.Kan.1965, 261 F.Supp. 1002, 1006, where the court noted the rule but held it inapplicable to a bank set off in Kansas by virtue of a specific Kansas statute.

It is clear in Florida that a bank has a common-law right to setoff against a deposit balance a debt due the bank and may, at its option, apply any part or all of the deposit, as is necessary, to the payment of the debt due it by the depositor, *Bank of West Orange v. Associates Discount Corp.,*

Fla.App.1967, 197 So.2d 858, *cert. denied* Fla.1967, 201 So.2d 556. This right has not been affected by the U.C.C. 5 *Fla.Jur.2d* Banks § 196.

I recognize, of course, the right of setoff is not applicable to a special deposit or a deposit for a specific purpose or under any other circumstances where the bank knows or ought to know that the money in the account belongs to a third person. A trustee account constitutes notice to the bank that the money *may be* the property of a third person. In this instance, however, the bank properly exercised its right of setoff because the trust was a Totten trust and therefore was subject to the claims of the settlor/trustee's creditors, including the bank.

As is required by B.R. 9021(a), a separate judgment will dismiss this action with prejudice. Costs may be taxed on a motion filed within ten days.