In re F. Joseph GILLETT and Carolyn E. Gillett, Debtors.

Jeanette TAVORMINA, Trustee, Plaintiff,

v.

MERCHANTS BANK OF MIAMI, Defendant.

Bankruptcy No. 84–01901–BKC–SMW. Adv. No. 85–1050–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Dec. 19, 1985.

Thomas R. Lehman, Miami, Fla., for trustee.

Martin Yelen, Coral Gables, Fla., for Merchants Bank of Miami.

Jeanette Tavormina, Miami, Fla., Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon a Complaint for turnover of property of the Debtors filed by the Trustee. The Court, having considered the evidence presented; those facts stipulated to by the parties; the arguments of counsel; and, being otherwise being fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

This Court has jurisdiction of the parties and of the subject matter of this action by virtue of 28 U.S.C. §§ 1334 and 157.

The Trustee, the Plaintiff herein, seeks the turnover of a total of $13,278.35 from three (3) separate bank accounts at Defendant, Merchants Bank of Miami, (the "Bank"), together with prejudgment interest from the date the Trustee demanded the turnover of the funds, January 16, 1985.

The factual background of this adversary proceeding is as follows:

Prior to the commencement of this bankruptcy case, the Debtors had extensive financial dealings with the Bank, both as individuals and as the principals of the Debtors' business, Gillett and Associates, Inc. Both the Debtors and Gillett and Associates, Inc. borrowed heavily from the Bank and as well, had a number of accounts at the Bank.

The bank accounts that are the subject of this adversary proceeding are F. Joseph Gillett's ("Mr. Gillett") Individual Retirement Custodial Account ("IRA"), Carolyn E. Gillett's IRA and the Gillett and Associates, Inc. Pension and Profit Sharing Trust Account (the "Trust Account"). The Trust Account is held for the benefit of approximately 18 employees of Gillett and Associates, Inc., including Mr. Gillett. At issue is Mr. Gillett's interest in the Trust Account.

Prior to the commencement of this bankruptcy case, a total of $6,606.12 was held in the Debtors' IRAs and a total of $6,672.23 was held for the benefit of Mr. Gillett in the Trust Account. The IRAs are Individual Retirement Custodial Accounts under § 408(a) of the Internal Revenue Code. Under the IRAs the Bank is denominated as "Custodian" and each of the Debtors are beneficiaries of their respective IRAs.

The Trust Account is held as a money market account and denominated as "Gillett and Associates, Inc. Pension and Profit Sharing—Trust Account" with the Debtors and another party as signers on the account. The Debtors were also two of three trustees under the Pension and Profit Sharing Plans and opened the Trust Account as such.

In the months just prior to the commencement of this case, the Debtors and their business experienced financial difficulties and neither were able to remain current in their loan obligations with the Bank. Approximately five weeks before the Debtors filed their Chapter 7 petition, the Bank notified the Debtors that it had exercised its right of setoff as to the IRAs and applied the funds held in the IRAs to pay off outstanding loans owed to the Bank by the Debtors. The Bank also notified the Debtors that it intended to exercise its right of setoff as to the Trust Account and apply all the funds held for the benefit of the 18 employees, $26,143.19, to pay an overdraft in the Gillett and Associates, Inc. checking account. The Bank now concedes that, with regard to the Trust Account, it is not entitled to setoff funds other than those representing Mr. Gillett's interest in the Trust Account.

On January 16, 1985, the Trustee made demand upon the Bank for the turnover of the IRA funds the Bank had setoff prior to bankruptcy, plus that portion of the Trust Account that was held for the benefit of Mr. Gillett and which the Bank claimed a right of setoff against debts owed by the Debtors' company. The Bank refused to turnover the funds and the Trustee commenced this adversary proceeding. The Trustee maintains that the debts setoff by the Bank lacked mutuality.

At trial, the Bank admitted that it had setoff the IRAs against the personal obligations of the Debtors prior to bankruptcy. With regard to the Trust Account, the Bank denies it actually setoff the funds as it had threatened to do prior to bankruptcy; rather, the Bank takes the position that it is entitled to setoff the funds representing Mr. Gillett's interest in the Trust Account against the debts owed by Mr. Gillett to the Bank. The Court finds that the Bank did not setoff the Trust Account funds prior to bankruptcy and will consider the Banks' assertion of a right of setoff as an affirmative defense to Count II of the Trustee's Complaint.

This Court notes that these accounts were the subject of a prior contested matter, Trustee's Objection to Debtors Claim of Exemption. *In re F. Joseph Gillett and Carolyn E. Gillett*, 46 B.R. 642 (Bkrtcy.S.D.Fla.1985). In that contested matter, the Trustee objected to the Debtors' claim that the IRAs and Mr. Gillett's interest in the Trust Account, were exempt property. This Court held that the IRAs were not annuity contracts falling within the protection of Florida Statutes § 222.14, as applied in bankruptcy proceedings pursuant to Bankruptcy Code § 522(b)(1) and therefore, were not exempt property. *See also, In re Gefen*, 35 B.R. 368 (Bkrtcy.S.D.Fla.1984). With regard to Mr. Gillett's interest in the Gillett and Associates, Inc. Pension and Profit Sharing Trust, this Court held that, because the Debtor's exercised absolute dominion and control over the funds held for

his benefit, Mr. Gillett's interest in the Trust Account failed as a valid spendthrift trust under Florida law, and therefore, was not excludable from the estate pursuant to § 541(c)(2).

## THE IRAs

■ This Court has previously stated that the basic test for allowing setoff is the existence of mutuality of debts and credits:

> The debts must be in the same right and between the same parties who stand in the same capacity. The creditor's debt must be owed to the estate of the Debtor and the estate's debt must be owed to the creditor. *In re 18th Avenue Development Corp.*, 12 B.R. 10, 11 (Bkrtcy.S.D.Fla.1981).

Thus, as a threshold matter, this Court must determine the legal relationship of the parties with regard to the IRAs. Section 408 of the Internal Revenue Code, Title 26, U.S.C., contains the statutory requirements for the creation and administration of tax exempt IRAs. In fact, Bank documents executed by the Debtors when they opened their IRAs incorporate terms and conditions contained in Section 408(a) by.reference. Section 408(a) describes individual retirement accounts as trusts: "For the purposes of this section, the term 'individual retirement account' means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries...." That the IRAs are designated as "Individual Retirement Custodial Accounts", and the Bank is named "Custodian" does not change the essential nature of the IRAs as trusts. Indeed, 26 U.S.C. § 408(h) provides:

> [A] custodial account shall be treated as a trust if the assets of such account are held by a bank ... and if the custodial account would, except for the fact that it is not a trust, constitute an individual retirement account described in subsection (a). For the purposes of this title, in the case of the custodial account treated as a trust by reason of the preceding sentence, the custodian of such account shall be treated as the trustee thereof.

Given that the documents executed in connection with the IRAs evince an intent on the part of the Bank to create an individual retirement account consistent with Section 408(a), and Section 408(h) requires such an account to be treated as a trust, with the custodial bank as trustee, this Court concludes that the IRA funds were held by the Bank, as trustee for the benefit of the Debtors.

■ It is clear that the respective claims of the Bank and the Debtors with regard to the IRAs are not due and owing in the same right and capacity: the Debtors owe obligations to the Bank on account of loans made to the Debtors by the Bank; whereas, the IRAs are not debt obligations of the Bank owed to the Debtors but instead, obligations owed to the Debtors by the Bank, as trustee for the Debtors. Where a bank stands as trustee of an individual retirement account, it cannot setoff funds held in the individual retirement account against debts owed to the bank by the account's beneficiary. *In re McDaniel*, 41 B.R. 132 (Bkrtcy.W.D.Tex.1984); *In re Todd*, 37 B.R. 836 (Bkrtcy.W.D.La.1984); and, *cf. Kaufman v. First National Bank of Opp, Ala.*, 493 F.2d 1070 (5th Cir.1974) (where bank is a creditor of a depositor, it cannot setoff such indebtedness against a deposit standing in the depositor's name as trustee or otherwise in such form as to indicate the fiduciary character of the deposit.)

■ There is another reason why the Bank cannot prevail and retain the IRA funds it setoff prior to bankruptcy. A bank as a fiduciary is under a duty not to profit at the expense of its beneficiary and therefore, cannot offset funds held in its fiduciary capacity against debts owed to the bank by its beneficiary. *In re McDaniel.*

■ In response to the Trustee's assertion that the Bank's setoff of the IRAs was improper, the Bank argues that guarantees executed by the Debtors grant the Bank a security interest in all the Debtors' bank deposits and therefore, the Bank need not meet the mutuality test. The Bank's reser-

vation of a security interest in the Debtors' accounts gives the Bank no greater powers than would exist under its common law right of setoff. *In re Andrews,* 33 B.R. 197 (Bkrtcy.S.D.Fla.1983); *In re Riggsby,* 34 B.R. 440 (Bkrtcy.E.D.Tenn.1983).

Accordingly, the Court finds that the funds held in the IRAs were improperly setoff by the Bank and are property of this bankruptcy estate subject to turnover to the Trustee.

THE TRUST ACCOUNT

In contrast to the IRAs, the Bank does not stand as a trustee of the Trust Account. Instead, the Debtors and an employee of their company are the trustee's of the Gillett and Associates, Inc. Pension and Profit Sharing Plan Trust Account. Not only is Mr. Gillett a trustee, but he is a beneficiary of the Trust Account to the extent of $6,672.23 and, as the person who controlled Gillett and Associates, Inc., he was, in substance, the settlor of the Trust Account.

Clearly, the Bank, lacking mutuality, cannot setoff funds held in the Trust Account for the benefit of those employees other than Mr. Gillett, against the obligations owed by the Debtors and the Debtors' company to the Bank. *See Kaufman v. First National Bank of Opp, Ala.,* 493 F.2d 1070 (5th Cir.1974). However, the Bank can reach Mr. Gillett's interest in the Trust Account for reasons set forth hereafter.

The issue of whether a creditor can reach pension plan funds held for the benefit of a debtor was considered in *Matter of Witlin,* 640 F.2d 661 (5th Cir.1981), a pre-Code case applying Florida law. In *Matter of Witlin* the Court held that a bankrupt's Keogh plan, similar to the pension and profit sharing plan at issue here, was not exempt from claims of creditors, and therefore, was includable in the bankrupt's bankruptcy estate. The bankrupt in *Matter of Witlin* was settlor and beneficiary of the trust created by the Keogh plan. Such a trust, the Court held could be used to satisfy the claims of creditors:

If a settlor creates a trust for his own benefits and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned, and they can reach his interests under the trust. *Matter of Witlin,* 640 F.2d at 663 (quoting Bogert, *Trusts and Trustees,* 2d ed. § 223 at pp. 438–439.)

Additionally, that Mr. Gillett could exercise full dominion and control over the funds held for his benefit in the Trust Account, makes this case analogous to those cases holding that a creditor can reach funds deposited in a bank by a debtor as trustee of a Totten trust. *See e.g., Prestige Vacations, Inc. v. Kozak,* 471 F.Supp. 410 (N.D.Ohio 1979) (judgment creditor can reach judgment debtor's funds deposited in Totten trust for benefit of debtor's daughter); and *In re Andrews,* 33 B.R. 197 (Bkrtcy.S.D.Fla.1983) (bank has right to setoff debtor's funds deposited in Totten trust). The rationale for allowing creditors of a settlor to reach Totten trust property in which a settlor has dominion and control is persuasive here:

[C]reditors of a person who makes a savings deposit upon a tentative trust can reach his interest, since he has such extensive powers over the deposit as to justify treating him as in substance the unrestricted owner of the deposit. *Restatement of Trusts 2d,* § 58, Comment d. (1959).

Mr. Gillett's ability to control the disposition of his interest in the Trust Account justifies treating him as the unrestricted owner of such interest and therefore, his interest is reachable by the Bank.

Accordingly, the Bank is entitled to exercise its right of setoff as against the $6,672.23, which represents Mr. Gillett's interest as a beneficiary of the Trust Account. The remaining funds, held for the benefit of the other employees of Gillett and Associates, Inc. shall be held by the Bank pending further order of this Court.

PREJUDGMENT INTEREST ON THE IRA FUNDS

The general rule is that prejudgment interest may be awarded as additional damages if the sum at issue is liquidated.

*Palmer v. Radio Corp. of America,* 453 F.2d 1133 (5th Cir.1971). In connection with bankruptcy preference actions or fraudulent conveyance actions, prejudgment interest accrues from the date of demand or, in the absence of demand, from the commencement of the action. *See e.g. Palmer* (preference action); *In re Roco Corp.,* 37 B.R. 770 (Bkrtcy.D.R.I.1984) (preference action); and, *In re E.D. Presley Corp., Ltd.,* 44 B.R. 781 (Bkrtcy.S.D. Fla.1984) (fraudulent conveyance action). The prejudgment interest rule applied in the foregoing preference and fraudulent conveyance actions is applicable to this turnover action, especially in light of the fact that the amount setoff by the Bank in the IRA account is liquidated. Accordingly, the Trustee is entitled to receive from the Bank prejudgment interest from January 16, 1985, on the $6,606.12 improperly setoff by the Bank.

Section 1961 of Title 28, U.S.C. does not specify a rate for prejudgment interest and therefore, this Court will apply the rate set forth in Florida Statutes, Section 687.01. Accordingly, prejudgment interest on the $6,606.12 shall accrue from January 16, 1985, at 12% per annum, simple interest.

A separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.