### In re NAT WARREN CONTRACTING CO., INC.

**ALEXANDER & JONES, a Virginia General Partnership, Plaintiff;**

**v.**

**NAT WARREN CONTRACTING CO., INC.; and Sovran Bank, N.A., Defendants.**

**Bankruptcy No. 88–01157–N–B. Adv. No. 88–1071–N–B.**

United States Bankruptcy Court, E.D. Virginia.

Jan. 17, 1989.

Stuart L. Nachman, Kalfus, Nachman & Stanley, Norfolk, Va., for Alexander & Jones.

Frank J. Santoro, Portsmouth, Va., for Nat Warren, Marcus and Santoro.

Thomas E. Cabaniss, Thomas E. Cabaniss and Ann R. Bergan, Norfolk, Va., for Sovran Bank, McGuire, Woods, Battle & Boothe.

## MEMORANDUM OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

This case concerns a bank's right to use the 11 U.S.C. § 553(a) setoff remedy on an account bearing the debtor's name but set up by a third party as a special account to help the debtor meet its payroll. Upon the filing of a Chapter 11 petition by the debtor, Sovran has frozen the account and would seek to apply the balance of the account to setoff an obligation of the debtor as provided in 11 U.S.C. § 553(a). The plaintiff's complaint seeks determination by the court that the defendant Sovran Bank has wrongfully applied this account, set up by the plaintiff in the debtor's name, to setoff a portion of the debtor's obligations to Sovran.

## BACKGROUND

On March 18, 1988, plaintiff opened account no. 10812524 at the defendant bank in the name of the debtor Nat Warren Contracting Co., Inc.. The account was initially funded by a check from the plaintiff and a transfer closing the debtor's Sovran account no. 02713586. Plaintiff's check no. 142, dated March 18, 1988, was made out to the debtor in the amount of $30,-000.00. Rosa M. Alexander, a co-partner in the plaintiff's general partnership was designated as sole signatory for the account and signed the check. Ms. Alexander had written "personal loan" on the bottom left corner of the first check. This account was opened for the exclusive purpose of assisting the debtor in meeting its immediate payroll obligations.

According to the testimony of Mr. Ray B. Harris, who was an officer of the defendant bank and supervisor of the plaintiff's account, Ms. Alexander clearly informed him that the purpose of the new account was to assist the debtor in meeting its payroll obligations. Mr. Harris relates that he was never informed otherwise. Further, Mr. Harris stated that if the bank had been notified of a subsequent change in the purpose or the nature of the account that pursuant to the bank's course of business he would have been apprised.

Approximately 21 checks were drawn on the new account between the date of its opening and April 5, 1988. Two additional deposits made during that same time period. On March 22, 1988, a $4,000.00 check made out to the debtor from the Williams Corporation was deposited into the new account. On March 28, 1988, check no. 173 in the amount of $7,306.53 made out to the debtor from the plaintiff was also deposited into the new account. The plaintiff's

check was signed by Ms. Alexander and contained the words "Loan for Payroll" on the bottom left corner.

On April 7, 1988, the debtor filed a voluntary petition for a Chapter 11 Reorganization with this Court. Upon notice of the debtor's filing, the defendant bank immediately froze the new account and would seek, in accordance with 11 U.S.C. § 553(a), to apply the remaining balance of the account to setoff a portion of its claims against the debtor. Plaintiff has unsuccessfully made several attempts to withdraw monies from the account and now seeks relief from this Court to recover the remaining balance.

## CONTENTIONS

The plaintiff contends that the account was never intended to be part of the debtor's estate and cannot be applied as a setoff to the debt's of the estate. The plaintiff points out that the Schedule B–2 of the debtor's petition does not include the account as part of the debtor's personal property. The plaintiff asserts that this was a special account in which the bank was merely a trustee for the benefit of the debtor and therefore it cannot use the rightful property of the plaintiff to setoff the bank's claim against the debtor.

The bank argues that account should actually be considered a general account of the debtor's and therefore subject to an 11 U.S.C. § 553(a) setoff. First, the bank claims it never had sufficient knowledge of the special nature of the account as to be able to distinguish it as the property of the plaintiff's (for the benefit of the debtor) rather than that of the debtor's. Second, the bank contends that even if the bank had been given knowledge of the plaintiff's original purpose for the account, the plaintiff commingled monies of the debtor into the account causing the account to lose its special nature and reverting to a general account.

## LEGAL CONSIDERATIONS

Section 553(a) of the Bankruptcy Code provides that unless otherwise excepted, Title 11 (The Bankruptcy Code):

... does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

■ It is well settled that a general deposit in a bank, subject to withdrawal at will, creates a debtor-creditor relationship between the bank and the depositor. *New York County Nat. Bank v. Massey*, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380 (1903) and *Citizens' National Bank v. Lineberger*, 45 F.2d 522 (4th Cir.1930). However, when deposits are made for special purposes they are held as trust funds and not as bank assets, hence the bank is without the right to appropriate the deposit to its own use as a setoff. *United States v. Butterworth–Judson Corporation*, 267 U.S. 387, 45 S.Ct. 338, 69 L.Ed. 672 (1924); *Libby v. Hopkins*, 104 U.S. 303, 26 L.Ed. 769 (1881); and *Avant v. United States*, 165 F.Supp. 802 (E.D. of Va.1958).

Under Virginia law, when one person makes a deposit in a bank in the name of another, with the latter's consent, the latter person becomes the "depositor" and a debtor-creditor relationship is created between the bank and the "depositor". *United ed Va. Bank v. E.L.B. Tank Const., Inc.*, 226 Va. 551, 311 S.E.2d 773 (1984).

■ However, if the bank is informed that the deposits were made for a specific purpose such as to payoff debts of another, then the account is special and of a different nature. In particular, when a third party deposits monies into another's account in order to pay the other's creditors, a special account is established and the bank operates as a fiduciary over the account rather than a creditor. *United States v. Butterworth–Judson Corporation*, supra; *Owens Bottle–Mach. Co. v. Kanawha Banking & Trust Co.*, 259 F. 838 (4th Cir.1919); and *Peoples National Bank v. J.B. Coleman*, 175 Va. 483, 9 S.E.2d 333 (1940).

## COURT FINDINGS

The Court finds that the defendant bank had sufficient knowledge of the plaintiff's intention to maintain account no. 10812524 as a special account for the restricted purpose of paying the debtor's payroll creditors. The undisputed testimony from Rosa Alexander, as well as the bank's representative, Ray B. Harris, was that the Ms. Alexander clearly informed Mr. Harris that the account was being set up for the limited purpose of meeting the debtor's payroll obligations.

This communication between the depositor and the bank created a fiduciary relationship between the parties for the benefit of the debtor. In its fiduciary capacity over the account (unlike a creditor for a general deposit account), the bank did not have the right to use this account to setoff the obligation of the debtor's. *United States v. Butterworth–Judson Corporation,* supra; *Owens Bottle–Mach. Co. v. Kanawha Banking & Trust Co.,* 259 F. 838 (4th Cir.1919); and *Peoples National Bank v. J.B. Coleman,* 175 Va. 483, 9 S.E.2d 333 (1940).

The Court does not agree with the bank's assertions that certain deposits made to this special account essentially destroyed the 'specialness' of this account. The bank presented no evidence to show that the monies in this account were used in any other manner than its original specific purpose; namely, to meet the debtor's payroll. The Court is not of the opinion that plaintiff effectively commingled assets in a manner that confused the bank as to the exclusive purpose and identity of the plaintiff's monies.

## CONCLUSION

The Court holds that Sovran Bank wrongfully applied the balance of plaintiff's account no. 10812534 for a setoff of an obligation of the debtor. The bank had knowledge of the special nature of this account and assumed a fiduciary capacity for the benefit of the debtor. Therefore, the plaintiff's special account created no mutual obligation between the bank and debtor and it may not be used for setoff against the debtor's obligations to the bank. The bank is hereby ordered to lift its freeze on this account.