**In re Raymond A. LANGE, Silvia R. Lange a/k/a Silvia R. Hogue, Debtors.**

**Bankruptcy No. 8910058.**

United States Bankruptcy Court, D. Rhode Island.

July 11, 1989.

Robert A. Mitson, North Smithfield, R.I., for debtors.

Joseph DiGianfilippo, Sutherland, DiGianfilippo & Smith Inc., Woonsocket, R.I., for Park Square Credit Union.

### DECISION AND ORDER DENYING SETOFF AND DENYING REQUEST FOR SANCTIONS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on June 1, 1989, on the debtors' objection to Park Square Credit Union's

("Park Square") proof of claim. The issue before the Court is whether the single fact that the debtor, Raymond Lange, is named as a joint depositor on the account in question entitles Park Square to "freeze" that account and to claim a setoff, pursuant to § 553. The relevant facts are as follows: On June 10, 1988, the debtors were granted a loan in the amount of $2,000 from Park Square, evidenced by a promissory note and security agreement. The documents provide that the loan is secured by "all shares and deposits in all your individual and joint accounts with the credit union now and in the future." *See* Promissory Note, dated June 10, 1988. At the time the debtors filed their Chapter 7 petition, Park Square held two bank accounts in the name of Raymond Lange. One account, with a balance of $20, is in the name of the debtors. The other account, unknown to the debtors at the time of the filing, is in the name of "Aldor Lange or Lumina Lange or Raymond Lange," with a balance of $4,957.

At the hearing, Park Square requested leave to amend its proof of claim to allow for a setoff in accordance with the language in the promissory note, and pursuant to 11 U.S.C. § 553,[1] and that request was granted. The debtors object to any setoff on the ground that the bank account in question was opened by a third party, the debtor's father, with his own funds, and without the debtor's consent or knowledge. As a result, they argue, the account in question is not property of the estate, is not a mutual debt between the debtors and Park Square, and therefore cannot be subject to setoff. Further, all the Langes assert that by placing an administrative freeze on the account, Park Square violated the automatic stay provisions of § 362.

Based upon the testimony of Raymond and Aldor Lange, we find as facts that the debtor, Raymond Lange, had no knowledge of and did not consent to the opening of a joint bank account in his name with his father and mother. We also find that all of the funds deposited in said account were solely the property of Aldor Lange, who made all of the deposits and withdrawals.[2] We accept Aldor Lange's testimony that his son (Raymond) never made any deposits to or withdrawals from this account, and that at all times Aldor had exclusive possession and control of the passbooks.

Section 553 of the Bankruptcy Code does not create an independent right of setoff, but rather "extends to bankruptcy cases, nonbankruptcy common law doctrines of setoff with certain additional restrictions." *In re Wilde*, 85 B.R. 147, 148 (Bankr.D.N.M.1988). The general rule is that "set offs in bankruptcy are allowed to the extent that they are based upon mutual obligations existing between the debtor and a creditor." *Bridgeport Co., Inc. v. U.S. Postal Service*, 39 B.R. 118, 127 (Bankr.E.D.Ark.1984). However, "the presumption of a debtor-creditor relationship is rebutted, and the funds are outside the bank's right of setoff, when the bank is put on notice of a third-party's interest in the deposited funds, for example, when the funds are held in a special account or in trust." *In re Brittenum & Associates, Inc.*, 868 F.2d 272, 276 (8th Cir.1989); *see also In re Nat Warren Contracting Co., Inc.*, 95 B.R. 37 (Bankr.E.D.Va.1989) ("when deposits are made for special purposes they are held as trust funds and not as bank assets, hence the bank is without the right to appropriate the deposit to its own use as a setoff." *Id.* at 39.); *In re Andrews*, 33 B.R. 197 (Bankr.S.D.Fla.1983) ("the right of setoff is not applicable to a special deposit or a deposit for a specific purpose or

---

1. The note, under the heading "default" provides: "if a demand for immediate payment has been made, the shares and deposits that you have given as security under this agreement can be applied towards what you owe."

   11 U.S.C. § 553 provides in relevant part that:
   (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

2. We take no position (and do not find it to be relevant here) on the interest which Mrs. Lange, the debtor's mother, may have in this bank account.

under any other circumstances where the bank knows or ought to know that the money in the account belongs to a third person." *Id.* at 199.) Under Rhode Island law, "the relationship of debtor-creditor which arises between a bank and a depositor in regards to funds deposited with the latter is contractual in nature and requires for its establishment the mutual assent, express or implied, of the parties." *Westerly Community Credit Union v. Industrial National Bank of Providence,* 103 R.I. 662, 674, 240 A.2d 586 (1968); *see also In re Nat Warren Contracting Co., Inc., supra,* ("Under Virginia law, when one person makes a deposit in a bank in the name of another, *with the latter's consent,* the latter person becomes the 'depositor' and a debtor-creditor relationship is created between the bank and the 'depositor'." *Id.* at 39 (emphasis added)). In this jurisdiction, the Rhode Island Supreme Court instructs us that "money deposited by a third party in the account of a person without the latter's consent or acquiescence therein, does not create a depository contract between the bank and the owner of the account." *Id.* at 674 n. 3, 240 A.2d 586. The reason for this holding is that "the contractual relationship of debtor-creditor running between depositors and banks cannot be created by the unauthorized, independent acts of third parties." *Id.* at 674 n. 3, 240 A.2d 586.

On the facts before us, and based upon the applicable Rhode Island law, it is clear that a contractual relationship did not arise between Park Square and Raymond Lange in connection with bank account number 9192, which Aldor Lange opened in their joint names, because Raymond Lange did not authorize, consent to, or even know of the existence of this account until after the filing of his bankruptcy petition.[3] Even though the account in question was not designated as a special account or one held in trust, we are required to conclude that because the debtor did not consent to or have knowledge of the creation of the account in question, no contractual debtor-creditor relationship was created and consequently no right of setoff exists. Accordingly, Park Square is ordered to remove its administrative freeze, forthwith.

Next, we must consider whether Park Square violated the § 362 automatic stay by placing a hold on the subject bank account without prior court approval. "Section 362(a)(7) of the Bankruptcy Code … enjoins the post petition set off of pre petition claims except with the approval of the Bankruptcy court." *Bridgeport Co., Inc., supra,* at 130. There is no dispute that Park Square did not seek Court authorization to "freeze" the subject bank account by filing a motion for relief from stay. In fact, to this day, no such motion has been filed. In *Bridgeport Co., Inc., supra,* the Court found that although a technical violation of the stay occurred, no contempt sanctions would be imposed because "[i]ts conduct, although improper, is not particularly egregious and is defensible." *Id.* at 130. The Bridgeport Company holding is applicable here, where in a Rhode Island bankruptcy case of first impression (we think), with an interesting legal issue involved, and where the authorities may not be in total agreement, the creditor's conduct has resulted in a technical violation of the automatic stay. This is not a case for the imposition of sanctions, either, and the debtor's request for the same is therefore denied.

Accordingly, Park Square is ordered to remove its administrative hold on account number 9192. Also, the debtors objection to the proof of claim as being secured is sustained, and Park Square's claim is determined to be, and is unsecured.

Enter Judgment accordingly.

---

**3.** We believe that is why the account was not listed in the debtors' schedules.