NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE: PANDORA HOSPICE CARE, INC.

Debtor

No. 24-5024

D.C. No.
5:23-cv-02050-DOC

MEMORANDUM*

NICHOLAS SILAO,

Appellant,

v.

KARL T. ANDERSON,

Appellee.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 22, 2025
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Douglas R. Cole, United States District Judge for the Southern District of Ohio, sitting by designation.

Appellant Nicholas Silao seeks review of a district court order affirming a bankruptcy court decision in this turnover action. Specifically, Silao contends that: (1) the bankruptcy court clearly erred in finding that Silao owed a $137,000 debt to the debtor, Pandora Hospice Care, Inc.; (2) the bankruptcy court abused its discretion in awarding Pandora prejudgment interest; and (3) the bankruptcy court abused its discretion in declining to grant Silao a new trial. According to Silao, the $137,000 in funds he admittedly received from Pandora was not a loan *from* Pandora, but rather a partial repayment for some $442,000 that Silao had earlier loaned *to* Pandora.

We have jurisdiction under 28 U.S.C. § 158(d)(1). Like the district court below, we review findings of fact for clear error. *In re Tucson Ests., Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990). We review an award of prejudgment interest for an abuse of discretion. *In re Agric. Rsch. & Tech. Grp., Inc.*, 916 F.2d 528, 533 (9th Cir. 1990) (citing *W. Pac. Fisheries, Inc. v. S.S. President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984)). And we likewise review the bankruptcy court's denial of a motion for a new trial for an abuse of discretion. *Williams v. Gaye*, 895 F.3d 1106, 1122–23 (9th Cir. 2018) (citing *Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017)). These deferential standards of review largely doom Silao's appeal. Because the parties are familiar with the facts, we do not belabor them here.

To start, Silao has not shown that the bankruptcy court clearly erred in determining that he owed $137,000 to Pandora.[1]  "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  That standard is satisfied if the finding in dispute is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record."  *Meza-Carmona v. Garland*, 113 F.4th 1163, 1167 (9th Cir. 2024) (citation omitted).  As an appellate body, we must "give due regard to the trial court's opportunity to judge the witnesses' credibility."  *In re The Village at Lakeridge, LLC*, 814 F.3d 993, 1002 (9th Cir. 2016) (quoting Fed. R. Civ. P. 52(a)(6)).  And "so long as the bankruptcy court's findings are 'plausible in light of the record viewed in its entirety,'" we may not reverse "even if we 'would have weighed the evidence differently.'"  *Id.* (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985)).

---

[1] Silao's briefing on this front elides two distinct questions: (1) whether the bankruptcy court's finding that Silao owed the funds was clearly erroneous, and (2) whether a turnover action under 11 U.S.C. § 542(b) was appropriate in light of the parties' dispute over whether Silao owed Pandora the funds.  Silao has forfeited the latter argument by failing to press it in the bankruptcy court.  *See One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) ("A party … may not press an argument on appeal that it failed to raise in the district court.").

Here, given (1) the inconsistencies among Pandora's original and amended tax returns (the latter of which an accountant prepared at Silao's direction after Pandora filed for bankruptcy); (2) that Silao himself prepared the Pandora checks indicating that the amounts Silao received from Pandora were loan repayments; (3) the bankruptcy court's determination that Silao was not credible, which we are poorly suited to revisit; (4) the testimony from Karl T. Anderson, Pandora's Chapter 7 trustee, whom the bankruptcy court did find credible; and (5) the lack of any documentary evidence confirming that Silao had previously transferred money to Pandora as he claimed, we cannot say that the bankruptcy court clearly erred in determining that Pandora loaned Silao $137,000 (rather than finding the funds represented partial repayment for an earlier loan from Silao to Pandora).

Nor did the bankruptcy court abuse its discretion in awarding prejudgment interest. Absent a statutory directive, trial courts have discretion to award prejudgment interest in cases arising under federal law. *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1102 (9th Cir. 2011). The bankruptcy court appropriately exercised that discretion in deciding to award such interest here.

It did, however, abuse its discretion in determining the *date* on which prejudgment interest began to accrue. The bankruptcy court held that prejudgment interest began to accrue on December 31, 2016, a date it selected because Pandora's

unamended 2016 tax return contained the $137,000 figure. In other words, the bankruptcy court looked to the date of the loan. But bankruptcy courts typically set the accrual date on either the date the funds were demanded, or the date the suit was filed (which acts as a form of demand). *See, e.g.*, *In re Gillett*, 55 B.R. 675, 680 (Bankr. S.D. Fla. 1985); *In re Tapmasters Chelsea, LLC*, 621 B.R. 580, 584 (Bankr. S.D.N.Y. 2020). We find persuasive this focus on when the money came due to the debtor, and we elect to follow it here. It appears that Anderson filed his turnover complaint without first making a demand. So the date he filed the complaint (and thus demanded the money)—October 2, 2018—fixes the date on which prejudgment interest began to accrue. We therefore vacate the district court's award of interest and remand for a new award consistent with this disposition.

Finally, the bankruptcy court did not abuse its discretion in declining to grant Silao a new trial. Silao based his request on evidence to which he had access at the time of the trial in the bankruptcy court. But a "defendant's desire to introduce additional evidence after losing the case d[oes] not constitute a proper ground for granting a new trial." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978).

**AFFIRMED in part, REVERSED and VACATED in part, and REMANDED.**