**HUSBAND (P.J.O.), Plaintiff Below, Appellant,**

v.

**WIFE (L.O.), Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted June 5, 1980.

Decided June 25, 1980.

PER CURIAM.

In August, 1970, the appellant, plaintiff—below, deeded all of his interest in the marital home to his wife, the appellee defendant—below. The transfer was executed to compensate for the plaintiff's failure to provide support. Shortly after that, the plaintiff voluntarily admitted himself to a mental hospital. He was discharged within two months.

In April, 1979, the plaintiff had the defendant sign an agreement which provided that the defendant would reconvey the home to the plaintiff, who would use his best efforts to sell the property. The defendant later refused to convey the property, alleging the plaintiff had promised to reform his behavior, including stopping the consumption of alcohol, and had promised to resume a harmonious marital relationship. The defendant alleged these terms were conditions precedent to her obligation to convey the property. The plaintiff has not performed those conditions.

In a suit by the plaintiff seeking rescision of the 1970 deed, on the grounds of incapacity, and seeking specific performance of the 1979 contract, the Court of Chancery held the plaintiff was competent at the time of the 1970 conveyance, and denied enforcement of the 1979 contract on the grounds of fraud and failure to perform conditions precedent. The plaintiff appeals from that decision alleging the Court erred in finding he was competent, erred in finding fraud, and erred in allowing extrinsic evidence to show additional oral terms to the 1979 contract, because such evidence should have been excluded under the parol evidence rule. We affirm.

■ First, while the record shows the plaintiff entered a hospital for treatment of alcoholism and depression, it does not establish that the plaintiff was incompetent at the time of executing the 1970 agreement. In challenging the validity of the deed, the burden is on the plaintiff to establish his lack of capacity. *Townsend v. Townsend*, 37 Del.Ch. 67, 137 A.2d 381 (1957). On the

Bettina C. Ferguson, Wilmington, for plaintiff below, appellant.

John M. Bader (argued), L. Coleman Dorsey and Suzanne Curran Donovan of Bader, Dorsey & Kreshtool, Wilmington, for defendant below, appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

other hand, there is ample evidence in the record to support the Chancellor's conclusion that the plaintiff was competent, and the Trial Court properly refused rescission of the 1970 deed.

▪ Second, the Chancellor correctly allowed introduction of extrinsic evidence to show the complete terms of the 1979 contract. The effect of a contract under seal is only that it precludes a challenge of its validity on the ground of lack of consideration. *Hensel v. United States Electronics Corp.*, Del.Supr., 262 A.2d 648 (1970). It does not prevent oral modification of or addition to the written terms.

▪ The parol evidence rule excludes evidence of additional terms to a written contract, when that contract is a complete integration of the agreement of the parties. *Scott–Douglas Corp. v. Greyhound Corp.*, Del.Super., 304 A.2d 309, 315 (1973). The 1979 writing did not purport to be a total integration, it contains no date for performance, and it contains no provision for the disposition of the proceeds of the sale. The Chancellor's determination that the 1979 writing did not embody the entire agreement was proper. In addition, the record supports his conclusions regarding the full terms of the parties' agreement. As a result of our conclusions, we find it unnecessary to reach the issue of fraud.

AFFIRMED.