# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: August 11, 2017
Date Decided: August 16, 2017

***Via* File & Serve*Xpress*
and First Class Mail**

C. Scott Reese, Esquire
Cooch and Taylor, P.A.
1000 West Street, 10th Floor
Wilmington, DE 19801

Mr. Charles J. Robino
2516 Kingman Drive
Wilmington, DE 19810
chasrobino@yahoo.com

Re: *Frank Robino III v. Paul Robino, et al.*
C.A. No. 10871-VCS

Dear Mr. Reese and Mr. Robino:

As you know, this action was commenced in April, 2015 when Plaintiff, Frank Robino III, brought claims against his two brothers alleging they breached a contract whereby the brothers purchased Frank's share of a family business and also that they misappropriated a portion of their mother's estate to Frank's detriment.[1] The parties agreed to submit the claim to mediation before an experienced Delaware mediator. The mediation occurred on July 21, 2016, and yielded a "Settlement Agreement" at

---

[1] In order to avoid confusion, I refer to the parties by first name. I intend no disrespect.

the conclusion of the process that recited the terms by which the parties would resolve their differences and pursuant to which this action would be dismissed. The essence of the Settlement Agreement was that the only remaining defendant in the case, Charles Robino, would make a series of payments to Frank over time in an amount ($312,000.00) that the parties agreed was a compromise of the total amount sought by Frank in this action. The Settlement Agreement was executed by all parties and counsel.[2]

Although the Settlement Agreement is silent as to whether the parties would further memorialize the terms of the settlement in a more detailed agreement, the record reflects that the parties did in fact undertake to prepare a more detailed agreement following mediation. That process continued through the fall and early winter of 2016. When that process bogged down, the parties sought ought the assistance of a senior member of the Bar who had represented Robino family entities in the past to assist them in ironing out a more detailed settlement agreement. That process failed. Thereafter, the Court was advised that Charles was contesting

---

[2] Both parties were represented by counsel at the mediation.

whether a settlement was reached at mediation. Frank's motion to enforce the Settlement Agreement followed.

Charles opposes the motion to enforce. In essence, he claims that the Settlement Agreement was the product of duress and his own diminished capacity at the time of the mediation resulting from his ongoing battle with substance abuse. As to this latter point, Charles has submitted various medical records that do confirm he has been treated for substance abuse-related issues. What he has not submitted, however, is any evidence to corroborate his rather self-serving statement that he was incapacitated by intoxication during the mediation and at the time he executed the Settlement Agreement, much less that Frank and his legal team would have had any reason to know that.[3] In this regard, I note that he was represented by counsel at the

---

[3] *See Husband PJO v. Wife LO*, 418 A.2d 994, 995 (Del. 1980) (holding that adults are presumed to have the capacity to contract and that the burden rests with the party seeking to set aside a contract for lack of capacity due to the consumption of alcohol to prove it); *Warwick v. Addicks*, 157 A. 205, 207 (Del. Super. Ct. 1931) ("I will further add that lack of mental capacity is never presumed, but must be proved by the party alleging it by the preponderance of the evidence."). *See also* Restatement (Second) of Contracts § 16, cmt.b (noting that a person may avoid a contract based on intoxication only when the evidence demonstrates that the other party to the contract "ha[d] reason to know of the intoxication" and that the intoxication was to such a degree that it "prevent[ed] any manifestation of assent").

mediation and that the mediator was among the most experienced and accomplished in Delaware.

Not surprisingly, this is not the first instance where our courts have been confronted with a situation where parties disagree over whether a binding settlement was reached at mediation. In *Alston v. Pritchett*, our Supreme Court affirmed the Superior Court's order granting a motion to enforce a settlement agreement entered into at the conclusion of mediation. There, the alleged agreement included payment terms and a release of defendant. The agreement was memorialized in a document signed by both parties. Like Charles here, the plaintiff attempted to renege on the agreement the next day following mediation on the ground that "he was the victim of coercion or duress at the mediation."[4] The Superior Court granted the defendant's motion to enforce the settlement and the plaintiff appealed. The Supreme Court affirmed, holding that the document executed by the parties at mediation was enforceable and that plaintiff's allegations of "fraud, duress and coercion" were

---

[4] *Id.* at *3.

"conclusory and unsupported."[5]  The Court also rejected plaintiff's argument that his rejection of the settlement following mediation was "timely" and, in this regard, observed that had the parties wished to allow for rejection of the agreement within a *certain* time period following mediation, they could have included such a provision in the agreement.[6]

The key to the analysis here is the question of whether the parties reached agreement on the material terms of the settlement.[7]  If yes, then the settlement agreement is binding and enforceable.  If no, then the agreement is not enforceable until all such material terms are agreed upon.[8]

Upon reviewing the Settlement Agreement, it is clear that the parties reached agreement upon all materials terms of the settlement and then reflected their assent by executing and dating the document.[9]  The Settlement Agreement sets forth

---

[5] *Id.*

[6] *Id.* at *2.

[7] *See Schwartz v. Chase*, 2010 WL 2601608, at *6–7 (Del. Ch. June 29, 2010).

[8] *Id.*

[9] *Cf. Id.* (declining to find that the parties had reached a full agreement at mediation upon observing that certain key terms (*e.g.*, the scope of representations and warranties) were

specifically the amounts that Charles committed to pay Frank and the timeframe in which he committed to make those payments. It also set forth the consequences for Charles' failure to make the designated payments. In return, the Settlement Agreement reflects that Frank would dismiss this action with prejudice and would not pursue criminal proceedings against Charles or any other family member. These terms are definite and reflect all material aspects of the settlement.[10] They are, therefore, binding and enforceable.[11]

---

not yet agreed to and that the very informal document produced at the conclusion of the mediation was not executed by all parties).

[10] I note that Charles has not identified any term, much less a material term, of the settlement to which the parties did not agree.

[11] *Id.* at *4 (holding that, when determining whether a binding settlement was reached, Delaware courts consider "whether a reasonable negotiator in the position of one asserting the existence of a contract would have concluded, in that setting, that the agreement reached constituted agreement on all of the terms that the parties themselves regarded as essential. . . .") (citation and internal quotations omitted); *id.* at *7 (citing Restatement (Second) of Contracts § 59 (1981)).

Based on the foregoing, Plaintiff's Motion to Enforce Settlement Against Defendant Charles Robino is GRANTED.[12]  Plaintiff shall submit a conforming order, on notice to Charles, within ten (10) days.

Very truly yours,

*/s/ Joseph R. Slights III*

---

[12] I acknowledge Charles' contentions that Frank attempted to secure additional settlement terms from him following the mediation.  Frank has denied these allegations.  I need not resolve this dispute, however, since the motion to enforce seeks an order enforcing the terms of the Settlement Agreement only.  That is all the court is enforcing here.